THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

(No. C-73194—Decided December 24, 1973.)

*Mr. Simon L. Leis, Jr.,* and *Mr. Claude N. Crowe,* for appellee.

*Mr. Maury M. Tepper,* for appellant.

HESS, P. J. This is an appeal on questions of law from the judgment of the Court of Common Pleas of Hamilton County, Ohio, in which appellant was found guilty of violating R. C. 3719.40 to 3719.49 (possession of an hallucinogen for sale) inclusive.

On October 30, 1972, officers Simon and Bauman of the Cincinnati Police Department, entered a pool hall on Central Avenue, Cincinnati, Ohio, for the purpose of conducting a routine investigation. The officers observed the defendant, appellant herein, sitting on a bench in the rear of the pool hall. Defendant had his head down and was looking into a brown paper bag, which was between his feet on the floor in front of him. The officers observed the defendant reach into the brown paper bag and pull out a cello-

phane baggie containing a green substance which the officers believed to be marijuana. Defendant lifted his head, noticed the police officers observing his actions, and dropped the bag containing the marijuana. He was then placed under arrest by one of the police officers.

Defendant was indicted by the Hamilton County Grand Jury on January 12, 1973, for the possession for sale of an hallucinogen, covered by R. C. 3719.40 to 3719.49, inclusive. He was tried before a jury, found guilty of possession of an hallucinogen for sale, and sentenced. It is upon this state of the record that defendant presents this appeal.

He presents two assignments of error. In assignment one, defendant claims that the trial court "erred in overruling defense counsel's motion that the court instruct the jury to disregard statements made by appellant to the police officers because these statements were made before he was advised of his constitutional rights."

A review of the record in the instant case reveals that defendant made an inculpatory statement in response to questioning by one of the police officers. During the presentation of the state's case, Officer Simon testified that defendant was advised immediately after his arrest and prior to any questioning that he had the right to remain silent; that anything he said could be used against him in any court of law; that he had the right to an attorney; and that if he could not afford an attorney the court would provide one before questioning. Defendant indicated to the officer that he understood what he was told. Officer Simon testified further that he asked the appellant "where he got the stuff" and that defendant stated:

"I ain't going to snitch on anyone. You got me. I will take the blame." Officer Bauman, however, testified that Officer Simon questioned the defendant and elicited defendant's inculpatory statement prior to advising him of his rights, as required by *Miranda* v. *Arizona*, 384 U. S. 436.

Upon the conclusion of the state's case, counsel for the defendant moved that the statement made by defendant, in response to questioning by the officers, be exclud-

ed as evidence, stricken from the record, and the jury instructed to disregard it. The trial judge refused to rule on defendant's motion at that time, stating that he was going to withhold the ruling until he heard the rest of the evidence in the case. At the conclusion of all of the evidence and after defendant had testified, counsel for defendant renewed his motion, but it was overruled by the trial court.

Defendant's assignment of error raises the following questions of law:

1. Did the trial court follow the procedural rules for determining the voluntariness of defendant's statements as required by *Jackson* v. *Denno,* 378 U. S. 368, and *Miranda* v. *Arizona,* 384 U. S. 436?

2. Was the failure of the trial court to rule upon the defendant's motion at the conclusion of the state's case prejudicial to defendant in that it placed him in the dilemma of failing to corroborate the testimony of Officer Bauman or waiving his privilege not to testify?

In *Jackson* v. *Denno, supra,* the United States Supreme Court imposed upon state courts a procedural rule whereby trial courts must first make the determination, if the issue is properly in dispute, whether inculpatory answers to custodial interrogation meet constitutional standards and, as such, are therefore admissible into evidence. *Miranda* v. *Arizona, supra,* subsequently expanded the test of constitutional admissibility, but not the procedural requirements of *Jackson* v. *Denno, supra.* Under the holding of *Miranda,* a failure to give the required constitutional warnings results in a *per se* inadmissibility of inculpatory statements made in response to custodial interrogation, regardless of the fact that the statement may be truly voluntary. See *State* v. *Utsler,* 21 Ohio App. 2d 167; *Miranda* v. *Arizona, supra.* It is now necessary in the hearing required by *Jackson* v. *Denno* to make a determination of both the voluntariness of the statement and the issue of whether the *Miranda* warnings were given prior to those statements.

The effect of the court's rulings in *Jackson* v. *Denno* and *Miranda* v. *Arizona* is the requirement that factual

disputes as to the admissibility of inculpatory statements made in response to custodial interrogation must be aired before the court in an evidentiary hearing and resolved by the trial court. After deciding the factual disputes independent of the jury, the trial court has the further duty to declare into the record its conclusions or findings upon the legal issues of the admissibility of the inculpatory statements. See *Sims* v. *Georgia*, 385 U. S. 538. The trial judge should finally determine the admissibility of any alleged confession or other statement objected to by the defendant, and such question should not thereafter be submitted to the jury. *State* v. *Wigglesworth*, 18 Ohio St. 2d 171; *State* v. *Perry*, 14 Ohio St. 2d 256.

In the case at bar, the trial judge deferred ruling upon defendant's motion until the conclusion of all of the testimony. The court, upon a renewal of the motion, and outside of the jury's presence, but in the presence of counsel, had the court reporter read back the testimony of the two police officers. The court found that defendant had been advised of his rights and that he did make those statements. The court, upon that basis, overruled the defendant's motion and stated: "the evidence is not conflicting and I think this is a question of the trier of the fact to determine what, if anything, was said and where."

It is apparent that the record in the instant case fails to demonstrate a reliable and clear-cut determination of the voluntariness of the inculpatory statement (compliance with the requirements of *Miranda* v. *Arizona*), including the resolution of the disputed fact as to the time at which the *Miranda* warnings were given and upon which the voluntariness issue must necessarily depend. *Miranda* v. *Arizona*, *Jackson* v. *Denno*, and *Sims* v. *Georgia*. It does not follow, however, that a defendant, solely upon this basis, would be automatically entitled to a complete new trial, including a retrial of the issue of guilt or innocence. *Jackson* v. *Denno* holds that a defendant is entitled to a hearing upon the issue of the voluntariness of his statements; that such issue should be determined in a proceeding separate and apart from the body trying guilt or innocence; and that the

issue of the voluntariness should be determined initially by the court. A new trial would not be necessary if, at a subsequent evidentiary hearing on the issue of voluntariness, it should be determined that the defendant's statement was made after being informed of his right to remain silent. If it were to be determined at such a hearing that the statement was made without benefit of the *Miranda* warnings, a new trial, with such statement excluded, would be required.

Under the facts in the instant case, there is, in this court's opinion, prejudicial error which requires that the defendant be granted a new trial irrespective of whether it is determined in a subsequent "*Jackson* v. *Denno* type hearing" that his statements were made prior to receiving the *Miranda* warnings.

In *United States* v. *Kroslack* (C. A. 7), 426 F. 2d 1129, the defendant made a motion at trial for a voir dire examination into the voluntariness of an alleged statement given to a government agent, and such was denied by the trial court. The court stated that "the failure to conduct a voir dire examination placed the defendant in the dilemma of leaving the government's damaging testimony uncontroverted or waiving his privilege not to testify in order to controvert the testimony." The court held that the ruling was erroneous even though the defendant's statement was exculpatory, since defendant's statement, in view of previous government testimony, was highly prejudicial and, upon that basis, granted a new trial.

In the instant case, the testimony is conflicting as to whether defendant was advised of his constitutional rights, in keeping with *Miranda* v. *Arizona*, prior to making the inculpatory statement. We believe that the failure of the trial judge to rule on defendant's motion at the conclusion of the state's case was erroneous and was highly prejudicial. Defendant was, in effect, placed in the invidious position of being forced to elect between unpalatable alternatives: either to exercise his constitutional right to remain silent and thereby permit the damaging testimony of Officer Simon to go unchallenged, or to waive his right not to tes-

tify by presenting his corroboration of Officer Bauman's testimony, and thereby offer himself for cross-examination by the state.

This court construes the holdings of *Sims* v. *Georgia*, *Jackson* v. *Denno* and *Miranda* v. *Arizona*, to require that the trial court hold an evidentiary hearing outside of the jury's presence as to the voluntariness of a defendant's inculpatory statements, where there is a conflict in the testimony as to whether he was informed of his rights prior to making such inculpatory answers to custodial interrogation, or where a motion is made putting the admissibility of such statements in issue. The failure of the trial court to hold such a hearing and to timely rule upon defendant's motion in the instant case was prejudicial error and requires that the judgment of the trial court be reversed and defendant granted a new trial. It follows that the first assignment is well taken.

In his second assignment of error, defendant contends that the "verdict is against the manifest weight of the evidence." In accordance with App. R. 12(A), which requires this court to pass upon, in writing, all errors assigned and briefed, stating the reasons for the court's decision, this court will consider defendant's second assignment of error without reference to the errors pointed out in his first assignment. An examination of the record reveals sufficient probative evidence tending to establish all the essential elements of the crime charged. We therefore hold defendant's second assignment to be without merit.

It is the order of this court that the judgment of the Court of Common Pleas, Hamilton County, Ohio, be, and the same hereby is, reversed and remanded for proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

SHANNON and PALMER, JJ., concur.